Jim Walter Resources, Inc., appeals from the trial court's denial of its motion to compel arbitration. The plaintiff, an employee of Jim Walter, sued Jim Walter, alleging fraud, breach of contract, and conversion of his payroll-deduction moneys that were to be transferred to his savings account at a credit union. Jim Walter argues that the plaintiff's claims were preempted by the Collective Bargaining Agreement ("CBA") that Jim Walter and the United Mine Workers of America had entered. (Jim Walter states that the "contract [was] entered into by Argo, through his bargaining representative.") Therefore, Jim Walter argues, the plaintiff must utilize the grievance procedure set forth in the CBA (i.e., arbitration).
I do not agree that the plaintiff's claims fall within the CBA. The plaintiff entered into an individual agreement with Jim Walter allowing for an automatic deduction from his wages; that individual agreement did not provide for arbitration as a grievance mechanism. We should not conclude that this individual agreement was within the scope of the CBA, simply on the basis that it involved the plaintiff's "wages." The CBA governs "hours of work, wages, and other terms and conditions of employment." However, the plaintiff's claims are not created by the terms of the CBA. Therefore, there is no basis for a conclusion that his claims are covered by the CBA.